IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DARREN WIGGINS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. H-07-1143 |
| WELLS FARGO BANK, NA, as § | |
| trustee for Park Place § | |
| Securities, Inc., Series § | |
| 2005-WCW3, and COUNTRYWIDE § | |
| HOME LOANS, INC., § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is plaintiff Darren Wiggins' Motion to Remand Removed Action (Docket Entry No. 5). For the reasons stated below, plaintiff's motion will be granted, and this action will be remanded to the 311th Judicial District Court of Harris County, Texas.

**I. Background**

On May 23, 2005, plaintiff, Darren Wiggins, was granted a divorce from Viola Wiggins in the 311th District Court of Harris County, Texas. The divorce decree awarded plaintiff $45,000, to be realized from the net proceeds from the sale of the couples' marital residence in Houston, Texas ("the property").[1]

---

[1] Agreed Final Decree of Divorce, pp. 3, 6, attached to Defendant Countrywide Home Loans, Inc.'s Notice of Removal, Docket Entry No. 1, Exhibit 2.

The divorce decree awarded plaintiff an equitable lien on the property to secure the $45,000 payment and awarded use and possession of the property to Viola Wiggins until its sale.[2] While the property was being marketed for sale plaintiff alleges that, unbeknownst to him, Viola Wiggins obtained a home equity loan in the amount of $61,250 on the property on June 21, 2005.[3] As a result, defendant Wells Fargo Bank, NA ("Wells Fargo"), as the assignee of the original lender, has obtained a security interest in the property by virtue of its home equity lien on the property.

On February 11, 2007, plaintiff filed suit in the 311th District Court of Harris County, Texas, seeking (1) a declaratory judgment declaring Wells Fargo's lien on the property null and void; (2) a declaratory judgment declaring plaintiff's claim on the property in the amount of $45,000 to have priority over the interests of anyone else; (3) damages, reasonable attorney's fees, and costs incurred; and (4) post-judgment interest.[4] Defendant Countrywide Home Loans, Inc. ("Countrywide") timely removed the action to this court on the basis of diversity jurisdiction.[5] Plaintiff now moves the court to remand the action to state court,

---

[2]Id. at 3, 5.

[3]Plaintiff's Original Petition, attached to Defendant Countrywide Home Loans, Inc.'s Notice of Removal, Docket Entry No. 1, at p. 3.

[4]Id.

[5]Defendant Countrywide Home Loans, Inc.'s Notice of Removal, Docket Entry No. 1.

arguing that the amount in controversy has not been shown to exceed $75,000 exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).[6]

## II.  Applicable Law

Federal district courts have original jurisdiction over civil actions where the parties are diverse and the amount in controversy exceeds $75,000 exclusive of interest and costs.  28 U.S.C. § 1332.  The party seeking to invoke federal diversity jurisdiction bears the burden of establishing that federal jurisdiction exists.  Garcia v. Koch Oil Co. of Texas Inc., 351 F.3d 636, 638 (5th Cir. 2003).  "'[W]hen the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds' the jurisdictional amount."  Id. at 638-39 (quoting De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993)).

The Fifth Circuit has set forth two ways to satisfy this burden.

> First, jurisdiction will be proper if "it is facially apparent" from the plaintiffs' complaint that their "claims are likely above [$75,000]."  If the value of the claims is not apparent, then the defendants "may support federal jurisdiction by setting forth the facts – [either] in the removal petition [or] by affidavit – that support a finding of the requisite amount."

---

[6]Motion to Remand Removed Action, Docket Entry No. 5, Exhibit B.  Plaintiff also argues that defendants have waived their right of removal.  Id. at p. 2.  Because the court concludes that the amount in controversy will not likely exceed $75,000, this argument need not be addressed.

-3-

Id. (quoting Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995)). If the defendant meets this burden, the plaintiff must establish to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. De Aquilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995).

### III. **Plaintiff's Motion to Remand**

Defendants argue that it is facially apparent from plaintiff's petition that the amount in controversy likely exceeds $75,000 "by virtue of his combined allegations for declaratory relief; attorneys' fees; and actual damages."[7] In determining whether it is "facially apparent that the claims are likely above [$75,000]," the "proper procedure is to look only at the face of the complaint and ask whether the amount in controversy was likely to exceed [$75,000]." Allen, 63 F.3d at 1335-36.

Defendants argue that while plaintiff seeks protection of his rights in a $45,000 equitable lien on the property, he also seeks to have Wells Fargo's $74,699 lien declared null and void and that this amount should be included in the amount in controversy.[8] However, the Fifth Circuit has held that in an action for equitable relief the proper measure is the benefit or value to the plaintiff,

---

[7]Defendants Wells Fargo Bank, NA and Countrywide Home Loans, Inc.'s Response to Plaintiff's Motion to Remand and Brief in Support, Docket Entry No. 7, p. 7.

[8]Id. This amount includes principal, interest, unpaid escrow balance, and late fees.

-4-

not the cost to the defendant.  See Webb v. Investacorp, Inc., 89 F.3d 252, 257 n.1 (5th Cir. 1996); see also Garcia, 351 F.3d at 639-40.  Because plaintiff has no interest in the property aside from his asserted $45,000 equitable lien, declaring Wells Fargo's lien null and void would not benefit plaintiff above this amount.[9]

Defendants argue that even if the value of the Wells Fargo lien is not taken into account, it is still facially apparent that the amount in controversy exceeds $75,000 after considering plaintiff's requested damages and attorneys's fees.[10]  In his original petition plaintiff alleges:

> It was always Plaintiff's intent and expectation that the Property be sold as ordered by the court and that he receive the moneys awarded him from the first proceeds. . . . Plaintiff, through counsel, immediately sought resolution [of this

---

[9]Defendants cite Webb v. Investacorp, Inc., 89 F.3d 252, 257 n.1 (5th Cir. 1996); Leininger v. Leininger, 705 F.2d 727, 728-29 (5th Cir. 1983); and Stonewall Ins. Co v. Lopez, 544 F.2d 198, 199 (5th Cir. 1976), to support their argument that their costs should be taken into account.  Defendants Wells Fargo Bank, NA and Countrywide Home Loans, Inc.'s Response to Plaintiff's Motion to Remand and Brief in Support, Docket Entry No. 7, p. 6. However, as recognized by the Fifth Circuit in Webb, these cases are not inconsistent with "the rule that the value to the plaintiff of the right to be enforced or protected determines the amount in controversy."  89 F.3d at 257 n.1.  In all three cases the difference between winning and losing to *either* party was over $75,000.  Webb, 89 F.3d 252 (plaintiff sought declaratory judgment that contracts with defendants did not require arbitration, where defendant had filed an underlying arbitration action); Leininger, 705 F.2d 727 (plaintiff brought action against ex-wife seeking to enjoin her from enforcing an alimony judgment in another forum); Stonewall, 544 F.2d 198 (insurer sought declaratory judgment against insured that there was no coverage for a particular claim).

[10]Defendants Wells Fargo Bank, NA and Countrywide Home Loans, Inc.'s Response to Plaintiff's Motion to Remand and Brief in Support, Docket Entry No. 7, pp. 7-8.

> matter] with Defendant and obtained the Receivership. However, Defendant Wells Fargo, through its loan servicer, Defendant Countrywide, claims its lien has priority over the claim of Plaintiff and Plaintiff claims that his equitable interest in the Property has priority. The situation prevents the Receiver from proceeding with the sale of the Property in order for Plaintiff to receive the moneys he was awarded from the divorce.
>
> . . .
>
> As a direct and proximate result of Defendants conduct as above described, Plaintiff has suffered damages . . . . At least one potential purchaser of the Property has been lost to date, and the Receiver is unable to obtain other offers until the conflicting claims are resolved.[11]

Defendants argue that it is apparent that plaintiff seeks damages "that could potentially be as high as the value of the property itself."[12] However, the language of the petition indicates that it is more likely that plaintiff is seeking incidental damages for the delay in selling the property and, thus, the delay in satisfying plaintiff's $45,000 lien. This is bolstered by the sworn, unrebutted affidavit of plaintiff's attorney, who confirms this interpretation of the language.[13] The court therefore cannot

---

[11]Plaintiff's Original Petition, paragraphs VI and IX, attached to Defendant Countrywide Home Loans, Inc.'s Notice of Removal, Docket Entry No. 1. Attached to plaintiff's petition was a listing agreement denoting the list price for the property at $95,000.

[12]Defendants Wells Fargo Bank, NA and Countrywide Home Loans, Inc.'s Response to Plaintiff's Motion to Remand and Brief in Support, Docket Entry No. 7, p. 8.

[13]Affidavit of Plaintiff's Attorney in Reply to Defendants Response to Motion to Remand and in Support of Motion to Remand, Docket Entry No. 8, p. 2. The court construes this affidavit as a binding stipulation that plaintiff will not seek more than $75,000.

conclude, from the face of the petition, that plaintiff's claims will, more likely than not, reach at least $75,000. See Allen, 63 F.3d at 1336 (holding that courts should use a "more likely than not" standard rather than a "could well" standard to determine whether it is "facially apparent" that the amount-in-controversy requirement is met). It is also not facially apparent from plaintiff's petition that his attorney's fees will likely cause the sum of his claim to exceed $75,000.[14]

Because defendants present no summary-judgment type evidence relevant to the amount in controversy at the time of removal, the court concludes that remand is appropriate. Cf. Asociacion Nacional de Pescadores a Pequena Escala o Artesanales v. Dow Quimica de Colombia S.A., 988 F.2d 559, 666 (5th Cir. 1993), abrogated on other grounds, Marathon Oil Co. v. Ruhrgas, A.G., 145 F.3d 211, 215 (5th Cir. 1998) ("[W]e hold that at least where the following circumstances are present, that burden has not been met: (1) the complaint did not specify an amount in damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above [$75,000]; (2) the defendants offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiffs' claims; and (3) the plaintiffs timely contested removal with a sworn, unrebutted

---

[14] Plaintiff's attorney also states in his affidavit that his fees are for "substantially less" than $30,000. Id. The court construes this as a binding stipulation.

affidavit indicating that the requisite amount in controversy was not present.").

## IV. **Attorney's Fees**

Plaintiff also seeks an award of attorney's fees incurred in connection with the removal of the action to this court.[15] Defendants argue that plaintiff is not entitled to attorney's fees and assert that their claim of removal was "brought in good faith and based on legal principles that bolster [their] belief that the case falls within the Court's jurisdiction."[16]

Section 1447(c) provides ". . . An order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of removal." 28 U.S.C. § 1447(c). Such awards are within the discretion of the court, even when removal was legally improper. Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 292 (5th Cir. 2000). "The application of § 1447(c) requires consideration of the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case." Id. at 293. Here, plaintiff requested damages and attorney's fees in no specific sum in his state court petition, and plaintiff's attorney did not file

---

[15]Motion to Remand Removed Action, Docket Entry No. 5, p. 2.

[16]Defendants Wells Fargo Bank, NA and Countrywide Home Loans, Inc.'s Response to Plaintiff's Motion to Remand and Brief in Support, Docket Entry No. 7, p. 9.

binding stipulations until after removal.  The court concludes that there was no impropriety in defendants' removal of the action as it appeared at the time of the removal.  The court therefore declines to award attorney's fees.

##         V.    Conclusion and Order

For the reasons stated above, plaintiff Darren Wiggins' Motion to Remand Removed Action (Docket Entry No. 5) is **GRANTED**, and this action is **REMANDED** to the 311th Judicial District Court of Harris County, Texas.  The clerk will promptly provide a copy of this Memorandum Opinion and Order to the District Clerk of Harris County, Texas.

**SIGNED** at Houston, Texas, on this the 19th day of June, 2007.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE